UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-60(MJD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAVARES LEE GREER,<br><br>Defendant. | DETENTION ORDER |

This matter came before the Court on September 8, 2006 on both the preliminary hearing on the supervised release violation of defendant Greer and the government's motion for detention. The government was represented by James Lackner, Assistant U.S. Attorney. Defendant Tavares Greer was present and represented by Manvil Atwal, Assistant Federal Public Defender.

The government introduced the testimony of Doug Stevens, United States Probation Officer, who testified that on June 12, 2006 the Court modified the conditions of the defendant's supervised release to require home detention. Stevens further testified that the defendant had violated the terms of his home detention order on June 23, 2006; that he again violated the terms of his home detention order on June 25, 2006 and 26, 2006. Stevens also testified that Greer left his home and was not in contact with Probation from July 11, 2006 until September 1, 2006 at which point Stevens received a call from the defendant and advised him that a warrant had been issued in this case for

his arrest. During the period July 11 through September 1, 2006 the Probation Officer had no knowledge of where the defendant was staying.

Rule 32.1, Federal Rules of Criminal Procedure, which governs the revocation or modification of supervised release, provides that the burden of establishing that the defendant will not flee or pose a danger to the community rests with the defendant. The defendant has failed to meet this burden. Moreover, based upon the evidence adduced at the hearing and upon the arguments of counsel, it is the conclusion of the undersigned that there is a preponderance of evidence that no condition or combination of conditions can reasonably assure the appearance of the defendant in court.

IT IS HEREBY ORDERED THAT:

1. The motion of the United States for detention of defendant Greer is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer;

4. Upon order of the Court or request of the United States Attorney the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with the Court proceeding.

Dated: September 29, 2006

__s/ Arthur J. Boylan________
UNITED STATES MAGISTRATE JUDGE
Arthur J. Boylan